UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>JUAN C. MENDEZ<br><br>Debtor | Chapter 11<br>Case No. 10-42488-MSH |

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO ADMINSTRATIVELY CLOSE INDIVIDUAL CHAPTER 11 CASE**

This matter is before me on the debtor's unopposed motion to administratively close this case now that the debtor's Chapter 11 plan has been confirmed and payments to creditors have commenced. The motion seeks relief from a hardship inflicted on individual Chapter 11 debtors by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") with respect to quarterly fees owed to the United States trustee ("UST"). Quarterly fees are due from a debtor until his Chapter 11 case is "converted or dismissed," 28 U.S.C. § 1930(a)(6), or as courts have recognized, until the case is closed.[1] *In re Sedro-Woolley Lumber Co.,* 209 B.R. 987, 990 (Bankr. W.D. Wash. 1997); *In re Burk Dev. Co.,* 205 B.R. 778, 785 (Bankr. M.D. La. 1997). UST fees range from $325 to $30,000 per quarter and are based upon the debtor's disbursements for the quarter. 28 U.S.C. § 1930(11). The disbursements include not just the debtor's payments to creditors under a plan but ordinary business expenses of both individual and corporate Chapter 11 debtors, *In re Sgaverdea*, 377 B.R. 308, 310 (Bankr. D.N.M. 2007); *In re P.J. Keating Co.*, 205 B.R. 663, 667 (Bankr. D. Mass. 1997) and, for the individual debtor, ordinary household expenses.

---

[1] Prior to 1996, confirmation of a Chapter 11 plan also terminated a Chapter 11 debtor's obligation to pay UST fees. By amendment to 28 U.S.C. § 1930, effective January 27, 1996, Congress removed confirmation as a termination event. Pub. L. 104-91, 110 Stat. 7, (January 6, 1994).

1

*In re Belcher*, 410 B.R. 206, 210 n. 5 (Bankr. W.D. Va. 2009); In *re Owen*, 207 B.R. 520, 526 (Bankr. E.D. Ky. 1996). *See also In re Postconfirmation Fees*, 224 B.R. 793, 799 (E.D. Wash. 1998) ("The term disbursements includes all post-confirmation expenditures by the debtor until the case is closed or dismissed or converted."). Thus quarterly fees can be quite substantial and, in the case of certain pot plans, actually reduce the cash available to pay creditors. *In re Johnson,* 402 B.R. 851, 857 (Bankr. N.D. Ind. 2009).

Bankruptcy Code § 350(a) directs the court to close a case "[a]fter an estate is fully administered and the court has discharged the trustee." Fed. R. Bankr. P. 3022 instructs the court to issue a final decree closing a case on its own motion or on motion of a party in interest once the case has been fully administered. In this district, once a Chapter 11 plan is confirmed the case is deemed fully administered unless a matter is pending sixty (60) days following the entry of the final confirmation order. MLBR 3022-1(a).[2] Following entry of a final decree closing a case,

---

[2] Our local rule sets a realistic timeline consistent with the guidance for closing a case found in the Advisory Committee Notes (1991) to Fed. R. Bankr. P. 3022 which provides:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to §350(b) of the Code.

the case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The fee to reopen a Chapter 11 case is currently set at $1,000. 28 U.S.C. § 1930(11).

Prior to BAPCPA an individual Chapter 11 debtor's discharge entered upon plan confirmation. BAPCPA effected a profound change to individual Chapter 11 cases by requiring that in most individual Chapter 11 cases the debtor will be discharged only upon completion of plan payments, 11 U.S.C. § 1141(d)(5), a period that is generally at least five years. 11 U.S.C. § 1129(a)(15). Thus, keeping an individual debtor's Chapter 11 case open until the debtor receives his discharge would burden individuals with UST fees ranging from $325 to $30,000 per quarter during the entire post-confirmation period.

In the early years following the enactment of BAPCPA, debtors' efforts to close cases prior to the entry of discharge generated inconsistent results. *Compare In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) (rejecting debtor's request for an early discharge but allowing the case to be closed prior to the completion of plan payments); *Johnson*, 402 B.R. at 857 (overruling United States trustee's objection and permitting case to be closed before the debtor's discharge entered) *with Belcher*, 410 B.R. at 217-18 (debtors' motion for an early discharge or in the alternative waiver of its obligation to pay quarterly fees denied). United States trustees typically opposed individual debtors' efforts arguing that "paying quarterly fees is an integral part of what Congress expects a Chapter 11 debtor to do, much like the Chapter 13 trustee's fee for administering the plan." *Johnson,* 402 B.R. at 856-57. For authority they cited *In re Ball,* 2008 WL 2223865 (Bankr.N.D. W.Va. 2008), which held that avoiding payment of the UST's fees is not a sufficient reason to close the case before a plan has been completed. *Id.*

3

In *Shotkoski v. Fokkena (In re Shotkoski)*, 420 B.R. 479 (8th Cir. BAP 2009), the bankruptcy appellate panel, applying an abuse of discretion standard, affirmed the bankruptcy court's denial of the debtors' motion for entry of a final decree closing their case. But in doing so the BAP noted that not all individual Chapter 11 cases must remain open for the entire post-confirmation period. *Id*. at 481. After undertaking an examination of the sections and rules cited by the bankruptcy court as well as the Advisory Committee Note (1991) to Fed. R. Bankr. 3022 and Bankruptcy Code § 350(a), the BAP concluded that

> we believe that the decision as to whether an estate is "fully administered" is one that falls within the discretion of the bankruptcy judge. To be clear, by affirming the bankruptcy court in this case, we are *not* holding that every individual Chapter 11 case must remain open until such time as all long-term plan payments have been completed and a discharge is entered. In fact, since the Bankruptcy Code expressly contemplates the reopening of cases and the exercise of continuing jurisdiction by the bankruptcy court ( *see* 11 U.S.C. § 350(b)), we do not disagree with those courts choosing, for purposes of convenience and efficiency, to close individual Chapter 11 cases prior to completion of payments and entry of discharge. Again, we believe it is a case-by-case analysis best left to the discretion of the bankruptcy judge.

*Id.* at 483.

A 2010 article by an attorney at the Executive Office of the United States Trustees signaled a policy change whereby the trustee program would no longer "object to an individual chapter 11 debtor's request to close the case before discharge, subject to reopening for entry of a discharge upon completion of plan payments, if the estate is fully administered and any trustee has been discharged." Walter W. Theus, Jr. *Individual Chapter 11s: Case Closing Reconsidered*, XXIX ABI Journal 1, 62-63 (Feb. 2010) (hereinafter "*Theus*").

In light of *Shotkoski* and the UST's current policy, I am persuaded that an individual Chapter 11 case need not remain open during the entire post-confirmation period only because a discharge has not entered and plan payments have not been completed. Nothing in the

4

Bankruptcy Code or the Rules requires such a result.   In the instant case the debtor has substantially consummated his plan and there are no motions or adversary proceedings pending.   The case is ready to be closed and may be reopened at a later date in accordance with Bankruptcy Code § 350(a) when the debtor is eligible to obtain his discharge.

There are, however, a couple of complicating matters.   Under Bankruptcy Code § 362(c)(2)(A), the closing of a case terminates the automatic stay imposed upon the commencement of the case by Bankruptcy Code § 362(a).   Pre-BAPCPA, when discharge and its accompanying discharge injunction entered in individual Chapter 11 cases at the time of plan confirmation, the transition from stay to discharge injunction was seamless.   This is no longer the case.   Since discharge will not enter for a number of years hence, if the case is closed now, there will be neither a stay nor a discharge injunction in place to protect the debtor.   In an attempt to preserve the benefit of the automatic stay, the debtor has requested that the closing of his case be "administrative" only.

*Theus* acknowledges that the stay ends when a case is closed but argues that losing the protection of the automatic stay does not leave a debtor exposed to the whims of his creditors because a confirmed plan is a contract between the debtor and his creditors and creditors are not entitled to take action against the debtor if he is not in breach of that contract.   Should a creditor wrongfully attempt to collect on a debt which is treated in the plan, the debtor may move to reopen his case or avail himself of relief in another court of competent jurisdiction in order to seek appropriate redress.   *Theus* at 63.

This analysis fails to consider, however, that termination of the automatic stay also ends the tolling of unexpired nonbankruptcy statutes of limitation.   11 U.S.C § 108(c) (thirty days after

5

the stay under Bankruptcy Code § 362 is terminated, the tolling ends). *See also Young v. United States* ( *In re Young* ), 233 F.3d 56, 59 n.3 (1st Cir. 2000). Once a case has been closed, with the statute of limitations clock winding down, a creditor whose claim is not yet discharged may nevertheless be left with only a contract claim under a confirmed plan paying pennies on the dollar. Thus the termination of the automatic stay upon case closing presents potential harms to both debtors and creditors.

In addition, upon the closing of a case without a discharge, Fed. R. Bankr. P. 4006 instructs the clerk of court to issue a notice of no discharge to all parties in interest. While such a notice is appropriate when a case is finally closed and the debtor will never be discharged, it is unsuitable, and indeed would be misleading, when the debtor anticipates a discharge upon completion of his plan payments.

Thus in order to afford the debtor here relief from his ongoing obligation to pay UST fees and not cause more harm than good, I must fashion a remedy which addresses the automatic stay and notice of no discharge issues. Bankruptcy Code § 105(a), which should be invoked only in rare circumstances, provides the basis for such a remedy and I will employ it here. Closing this case administratively, ordering that the automatic stay pursuant to Bankruptcy Code § 362 continue and instructing the clerk of courts not to issue notice under Fed. R. Bankr. P. 4006 will afford all parties the most equitable and all-encompassing relief possible in the circumstances. I take no credit for conceiving this approach. The Jacksonville and Tampa Divisions of the United States Bankruptcy Court for the Middle District of Florida have implemented a series of approved forms which individual debtors may use to accomplish precisely the result sought by the debtor in

6

this case.  *See* United States Bankruptcy Court for the Middle district of Florida at

www.flmb.uscourts.gov/procedures/ (last visited September 26, 2011).

    For all the foregoing reasons the debtor's motion will be allowed.   A separate order will issue.

Dated: September 26, 2011                                      By the Court,

                                                                                            Melvin S. Hoffman
                                                                                            U.S. Bankruptcy Judge